# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CURTIS SHARP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 06-171-JPG |
| | ) | |
| D. PRANGE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff has grouped his complaint by claims against specific defendants; the Court has divided these claims into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:** Against Defendant Prange for assorted constitutional violations.

**COUNT 2:** Against Defendants Widdhoff, Murray, Bryan and Casper for assorted constitutional violations.

**COUNT 3:** Against Defendants Greenley. Pasquino and Presswood for assorted constitutional violations.

**COUNT 4:** Against Defendants Carter, Rees, Moore and Thomas for assorted constitutional violations.

**COUNT 5:** Against Defendants Sanders. Murray and Owens for assorted constitutional violations.

>   **COUNT 6:**   Against Defendants Uchtman, Conder and Martin for assorted constitutional violations.
>
> ` **COUNT 7:**   Against Defendant Walker for assorted constitutional violations.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

>   (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>   (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   >   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   >   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

## COUNT 1

Plaintiff's claims against Prange can be summarized as those of general harassment. Plaintiff alleges that Prange has interfered with or tampered with his mail and grievances, shone his flashlight into Plaintiff's face at night, verbally harassed him for associating with another inmate, and made derogatory statements regarding Plaintiff's correspondence with the U.S. Department of Justice and Plaintiff's *pro bono* counsel.

Isolated, infrequent incidents of verbal abuse do not give rise to an Eighth Amendment claim. *See, e.g.*, *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000); Gutierrez v. Peters, 111 F.3d 1364, 1375 (7th Cir. 1997); *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992). The same can be said

for Prange's annoying prank with the flashlight. Although unprofessional, these actions certainly do not rise to the level of a constitutional violation.

The only claim that might have any teeth is Plaintiff's allegation regarding interference with his mail, which he describes as interfering with his access to the grievance process, and therefore his access to the courts. Prisoners have a fundamental right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). However, in the instant case, Plaintiff does not make a single allegation which would describe an actual or potential limitation on his access to the courts. Actual or threatened detriment is an essential element of a Section 1983 action for denial of access to the courts. *Howland v. Kilquist*, 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Sprandlin*, 812 F.2d 1019, 1021-22 (7th Cir. 1987).

In short, Plaintiff has failed to state any claim against Prange upon which relief may be granted, and Count 1 is dismissed from this action with prejudice.

### COUNT 2

Plaintiff's claims against Widdhoff, Murray, Bryan and Casper are similar to those against Prange. He alleges that they have made derogatory comments about his female family members, threatened him with use of force, denied him a shower on many occasions, and advised other inmates of Plaintiff's criminal history. As stated above, verbal harassment, idle threats, and the occasional missed shower do not rise to the level of a constitutional violation. Therefore, Plaintiff has failed to state any claim upon which relief may be granted, and Count 2 is dismissed from this action with prejudice.

### COUNT 3

Plaintiff alleges that Defendants Greenley, Pasquino and Presswood falsified documents, confiscated and threw away some of his personal property, including religious books and legal

documents, and written "retaliatory tickets" against him.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). However, the Seventh Circuit recently clarified that in order to qualify as protected speech, an inmate's complaints or grievances must be "related to matters of public concern" rather than merely a "personal gripe" about a particular incident. *Pearson v. Welborn*, 471 F.3d 732, 740-41 (7th Cir. 2006). *See also McElroy v. Lopac*, 403 F.3d 855 (7th Cir. 2005); *Brookins v. Kolb*, 990 F.2d 308 (7th Cir. 1993). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). In this case, Plaintiff makes no allegation that he engaged in any sort of protected activity for which Defendants sought retaliation in the form of fabricated disciplinary tickets.

As for his legal documents, as in Count 1, Plaintiff does not make a single allegation which would describe an actual or potential limitation on his access to the courts. Further, an inmate has no constitutional claim unless he can demonstrate that a non-frivolous legal claim has been frustrated or impeded, *Lewis v. Casey*, 518 U.S. 343, 352-53 (1996), and no such allegation is made in this claim.

The only other constitutional right that might be implicated by these facts is Plaintiff's right, under the Fourteenth Amendment, to be free from deprivations of his property by state actors without due process of law. To state a claim under the due process clause of the Fourteenth Amendment, plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, a plaintiff has no civil rights claim. *Hudson v. Palmer*, 468

U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy).  The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims.  *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILCS 505/8 (1995).  Accordingly, Plaintiff has no claim under Section 1983.

In sum, Plaintiff has failed to state any claim upon which relief may be granted, and Count 3 is dismissed from this action with prejudice.

**COUNT 4**

In this claim, Plaintiff alleges that Defendants Carter, Rees, Moore and Thomas were notified of the actions alleged in Counts 1-3, yet they failed to investigate these claims or to take any action to prevent these events from occurring.  Such a claim is, at best, a claim of negligence, but a defendant can never be held liable under § 1983 for negligence.  *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995).  Accordingly, Plaintiff has failed to state a claim upon which relief may be granted, and Count 4 is dismissed from this action with prejudice.

**COUNT 5**

Plaintiff next argues that Defendants Sanders, Murray and Owens violated his constitutional rights by failing to respond to his grievances in the time allotted by I.D.O.C. procedures.  However, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995).  The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution.  *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982).  Accordingly, Plaintiff has failed to state a claim upon which

relief may be granted, and Count 5 is dismissed from this action with prejudice.

### COUNT 6

Plaintiff's sixth claim is very similar to Count 5. He alleges that Defendants Uchtman, Conder and Martin condoned all the actions taken by others when they failed to remedy the situation through the grievance process. He further alleges that they should have taken action to punish the other defendants, yet failed to do so. Again, this claim sounds in negligence, which is not actionable under civil rights jurisdiction. Therefore, Count 6 is dismissed from this action with prejudice.

### COUNT 7

Plaintiff's final claim is against Roger Walker, the director of the I.D.O.C. Plaintiff claims that he is ultimately responsible for all the alleged wrongs done to him, due to Walker's failure to allow him to exhaust his administrative remedies, his failure to investigate and remedy these problems, and his failure to discipline and punish the other defendants for their actions.

"The doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981).

Once again, Plaintiff has failed to state a claim upon which relief may be granted, and Count 7 is also dismissed from this action with prejudice.

### DISPOSITION

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this

action is **DISMISSED** with prejudice.  Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**Dated:  August 7, 2007.**

                                        **s/ J. Phil Gilbert**
                                        **U. S. District Judge**